[Civ. No. 12163. First Dist., Div. One. Nov. 30, 1942.]

Estate of AGNES SCOTT, Deceased. STELLA SCOTT MOORE, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), as Executor, etc., et al., Respondents.

Joseph E. Isaacs and Alan H. Critcher for Appellant.

John Ralph Wilson and George K. Ford for Respondents.

KNIGHT, J.—Mrs. Agnes Scott died December 8, 1939, leaving a will which she executed before two witnesses some 22 months prior to her death. She was a widow and childless, and her estate consisted of the property distributed to her on the death of her husband, Arthur Scott. By the terms of her will she bequeathed her entire estate to her sister and brother in Canada, three-fourths to her sister, and one-fourth to her brother. The will was admitted to probate, and thereafter Stella Scott Moore, the daughter of Arthur Scott by a former marriage, filed a contest to the will and asked that the probate thereof be revoked. As ground of contest it was alleged that at the time of the execution of the will the testatrix was of unsound mind due to the excessive use of intoxicants. The cause was tried before a jury, which sustained the validity of the will, and from the judgment entered on the verdict the contestant appeals.

No contention is made that the evidence is insufficient to support the verdict and judgment, but as ground for reversal contestant urges that the trial court erred in excluding certain testimony offered by contestant as to the oral declarations of the attending physician which she claimed were inconsistent with the death certificate signed and filed by him.

The circumstances leading up to the making of the ruling were these: Section 10551 of the Health and Safety Code provides that a copy of the record of death ''when properly certified by the State or local registrar to have been registered within a period of one year from the date of the event is prima facie evidence in all courts and places of the facts stated in it''; and the proponents of the will in support of their case introduced in evidence the death certificate which had been filed by Dr. Hermon T. Wilson, the attending physician, wherein it was stated that the ''principal cause of death, and related causes of importance in order of onset, were as follows: Coronary occlusion 12-8-39 Arteriosclerosis 4-9-38. Other contributing causes of importance: gastritis (Chronic).'' Thereafter and without making any attempt to call Dr. Wilson as a witness, the contestant sought to prove by her own testimony that the doctor had told her that Mrs. Scott's death was in part due to excessive use of alcohol. It

is our conclusion that the testimony so offered was hearsay, and therefore was properly excluded. A case directly in point, cited and relied upon by the proponents, is *Krug* v. *Mutual Ben. Health & Acc. Assn.*, 120 F.2d 296. There a Kansas statute was involved which like ours required the filing of a death certificate and made it "prima facie evidence in all courts and places of the facts stated therein." The certificate filed pursuant thereto by the attending doctor set forth that the cause of death was a cerebral hemorrhage, with leukemia as a contributing cause. The form of the certificate used contained also a group of questions to be answered by the doctor in case the death resulted from an accident or in case accidental injury was one of the contributing causes, and that portion of the certificate was left blank by the attending doctor. At the trial the certificate was offered in evidence, and afterwards the plaintiff in rebuttal offered in evidence a so-called "Attending Physician's Certificate" made by the same doctor for the use of one of the defendant companies. In that certificate the doctor had written that the decedent had fallen and hurt his leg two weeks before his death, but that he was "uncertain if it had any bearing." The doctor was not called as a witness and the trial court excluded the proffered evidence. The Circuit Court of Appeals sustained the trial court's ruling, saying: "We think that the court below ruled correctly in excluding the statements of Dr. O'Donnell contained in the Attending Physician's Certificate signed by him on January 5, 1938. The doctor was not a witness upon the trial, and his statements in the death certificate were not to be regarded as his testimony, but merely as a part of a public record which was admissible because the law made it prima facie evidence of the facts which it recited. If the defendants had offered the certificate of death as being Dr. O'Donnell's testimony as to the cause of death, it would have been incompetent for that purpose. It was admissible only for what it was,—a public record reciting the fact and cause of death. *While the death certificate was subject to rebuttal and to explanation, we are satisfied that it could not be impeached, amended or explained by the hearsay statements of those who were required by law to make and file it.*" (Italics added.) In other words, as said in 20 Am.Jur., page 873, "If the party against whom it is offered is not satisfied with the statement contained in the certificate of death, he may always contradict the record by *any*

*proper evidence. He may call the attending physician and have him explain, if explanation is deemed necessary."* (Citing *Bozicevich* v. *Kenilworth Mercantile Co.,* 58 Utah 458 [199 P. 406, 17 A.L.R. 346] ; italics added.) Here the appellant made no attempt to contradict the statements set forth in the death certificate by the testimony of the doctor himself, but sought to accomplish that purpose by offering the testimony of a witness who claimed that she had heard the doctor make a statement inconsistent with the facts certified to by him in his official certificate. Clearly such proffered testimony was hearsay, and therefore not "proper evidence."

The contestant concedes that the Krug case is in point, but challenges the soundness of the decision; furthermore she points out that in a companion case thereto, *Krug* v. *Mutual Life Ins. Co. of New York,* 235 Mo. 1224 [149 S.W.2d 393], which was tried in the state court, this same evidence that was rejected by the federal court was offered and received in the state court. It appears, however, that the question of the admissibility of the evidence was never raised in the case tried in the state court, and we find nothing in the attack made by the contestant on the soundness of the federal decision to justify the conclusion that as an authority it should be rejected.

There being no other assignments of error, and the sufficiency of the evidence to support the verdict being unchallenged, it is ordered that the judgment be and the same is hereby affirmed.

Peters, P. J., and Ward, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 28, 1943. Carter, J., voted for a hearing.